## LaWarre v. LaWarre.

(Decided April 28, 1925.)

Appeal from Campbell Circuit Court.

1. Divorce—Award of Alimony Held Proper.—Requiring husband 70 years old, who had not contributed to wife's support for several years, and who was earning $125.00 per month, to pay $30.00 a month alimony to wife, 60 years old, unable to earn living, held proper.

2. Divorce—Award of Alimony Remains Subject to Chancellor's Control and May be Enlarged, Decreased, or Discontinued, as Warranted.—Chancellor's award of alimony remains always subject to his control, and may be enlarged, decreased, or discontinued on application of either party, as changed conditions warrant.

3. Divorce—Husband's Right to Reconveyance of Realty can Only be Adjudicated on Judgment for Divorce.—Under Civil Code of Practice, section 425, and Ky. Stats., section 2121, husband's right to reconveyance of realty by wife can only be adjudicated on rendition of judgment for divorce, and not when divorce is denied.

WILLIAM F. CLARK for appellant.

LOUIS REUSCHER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

Appellee, Anna M. LaWarre, instituted this equitable action against appellant, John B. LaWarre, for alimony. Appellant resisted her right to the relief sought, and by counterclaim sought to be divorced absolutely from her upon the ground that they had not lived together or cohabited for more than five years. Upon the trial of the case the chancellor awarded appellee alimony in the sum of $30.00 per month and dismissed appellant's counterclaim seeking a divorce. The appeal involves both questions.

The record discloses that appellant and appellee lived together as husband and wife for many years in tranquility and happiness, but that for some reason, which does not satisfactorily appear in the record, for the past five years or more the happiness has disappeared and dissensions, quarrels and even personal violence have taken its place. According to appellant's testimony appellee was responsible for that condition, while according to hers he was responsible. The testimony of appellant's daughter, his child by a former wife, who testified for appellee, her stepmother, rather tends to establish that appellant and appellee are jointly and equally responsible for their unhappy state. The testimony of no other witness sheds light on the question as to which of them is at fault. Appellant admitted in his testimony that since December, 1920, he has not contributed anything to the support of appellee. Appellant appears to be approximately 70 years of age and to be earning $125.00 per month from employment by the B. &

O. Railroad Company as stationary engineer. Appellee appears to be about 60 years of age and to be untrained for any employment by which she might earn a living. It seems that in the year 1918 she withdrew from a savings bank about $1,000.00 deposited to the joint credit of herself and her husband, and appellant claims she appropriated all of it to her own use. She claims to have used it for general household expenses. It appears that after their marriage appellant conveyed to her the title of the house and lot in which they lived and she still holds it. Although both have lived in that home since, appellant seems to have taken his meals elsewhere since December, 1920.

It is insisted for appellant that the trial court erred in not awarding him a judgment for divorce on his counterclaim. We find in the record, however, no proof taken for appellant tending to establish that he and appellee have not lived together or cohabited as husband and wife for a period of five years or more before the filing of his counterclaim. Some uncertain and indefinite testimony of appellee to that effect is found, and yet her testimony on that question is too vague and indefinite to authorize a judgment divorcing them, if indeed her testimony on that question be competent.

In view of the fact that appellant admits that since 1920 he has not contributed anything to the support of appellee, and, considering the fact that he is shown to be earning $125.00 per month, we conclude that the chancellor properly awarded appellee alimony in the sum of $30.00 per month. That question, of course, is always under the control of the chancellor and the allowance may be enlarged, decreased or discontinued at any time upon application of either party as changed conditions may warrant.

The question of the restoration to appellant of the house and lot conveyed by him to appellee could be adjudicated only upon the rendition of a judgment for divorce from the bonds of matrimony. (See section 425, Civil Code, and section 2121, Carroll's Ky. Statutes, 1922.) To reach that point an action for divorce must be prosecuted to a successful conclusion. Hence, the trial court did not err, as is insisted for appellant, in not adjudging a restoration by appellee of the house and lot conveyed to her by him. Nothing herein, of course, will prevent appellant from instituting an action for divorce under the five year statute, and upon proof es-

tablishing that ground being awarded judgment for divorce and restoration of the property.

Perceiving no error in the judgment appealed from it is affirmed.